**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**LEONTYNE M. DAILEY, #24360**                                                **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:06cv66TSL-JCS**

**KEVIN JACKSON, et al.**                                               **DEFENDANTS**

MEMORANDUM OPINION

This cause is before the court, sua sponte, for consideration of dismissal. The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: Kevin Jackson, Commander at Flowood Women's Community Work Center (CWC); Phillis Farrio, Officer at the CWC; and Tamela Harris, Case Manager.

In sum, the plaintiff alleges that she received an untrue rule violation report which resulted in the reduction of her custody level accompanied by the loss of certain privileges. As relief, the plaintiff requests expungement of her record , that she be sent back to the Flowood CWC, and that she receive punitive damages for the pain, suffering and mental anguish that her reclassification has caused. Upon liberal review of the complaint and the entire court record in this action, the court finds that the plaintiff has failed to exhaust her available administrative remedies prior to bringing this suit. Therefore, this case will be dismissed without prejudice.

Background

On February 1, 2006, the plaintiff filed this complaint and failed to submit a copy of her third step response and certificate from the Administrator of the MDOC Administrative

Remedy Program (ARP) stating that she had administratively exhausted this claim.[1]  There is a section of the court's prisoner complaint forms that addresses ARP.  In response to questions in this section, the plaintiff states that on November 16, 2005, she submitted verbal and written requests to the administrative or grievance procedure at her institution.  When asked the result of the procedure, the plaintiff responded that she "had to mail to Parchman[2] have not received a response."  The next section of the form states "if you have not filed a grievance, state the reasons."  The plaintiff responds to this inquiry by writing "there were not any grievance forms available."

In light of the conflicting responses and lack of any documentation regarding exhaustion of the plaintiff's administrative remedies, the court entered a show cause order.  On February 24, 2006, this order [doc.#10] was entered and it directed the plaintiff to show cause why this case should not be dismissed for her failure to exhaust her administrative remedies as required by 42 U.S.C. § 1997e.  Plaintiff was also directed to provide this court with a copy of her third step response and certificate from the Administrator of the Administrative Remedy Program (ARP) stating that she had administratively exhausted this claim.  The plaintiff

---

[1]The Administrative Remedy Program within the Mississippi Department of Corrections is a three step process.  Inmates initially submit their grievance to the division head or adjudicator in writing, within thirty days after an incident has occurred.  Inmates receive a step one response from the appropriate official, which they may appeal to the Superintendent or Warden of the institution, who will issue a step two response.  If still aggrieved, the inmate may appeal to the Commissioner of MDOC, where a step three response is issued.  At this time the Administrator of the program will issue the inmate a certificate stating that he has completed the exhaustion of his administrative remedies.  No more than ninety days from initiation to completion of the process shall elapse, unless an extension has been granted.  Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg. 39-42.

[2]The Mississippi State Penitentiary is located at Parcham, Mississippi.

was warned in this court's order of February 24, 2006, that failure to timely comply with the requirements of the order may lead to the dismissal of her complaint. The plaintiff failed to comply with or respond to this order.

On March 27, 2006, a second show cause order [doc.# 11] was entered. This order directed the plaintiff to show cause why this case should not be dismissed for her failure to comply with the court's February 24, 2006 order. The plaintiff was also ordered to submit ARP documentation along with her response, within fifteen days. The plaintiff filed her response [doc.#12] on April 5, 2006. In the plaintiff's response, she states "I have not submitted an ARP concerning these defendants."

## Analysis

The controlling statute, 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA), provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e clearly requires a state prisoner to exhaust available administrative remedies *before* filing a section 1983 suit and precludes him from filing suit while the administrative complaint is pending. Wendall v. Asher, 162 F.3d 887, 890 (5th Cir.1998); see also Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir.1998)("By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled - -that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures."). The United States Supreme Court has held that the PLRA's exhaustion requirement is mandatory and applies

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Booth v. Churner, 532 U.S. 731, 739 (2001). Furthermore, the Fifth Circuit has held that the available administrative remedy must be pursued to its conclusion. Wright v. Hollingsworth, 260 F.3d 357 (5th Cir.2001).

The court finds that plaintiff has failed to complete the exhaustion of her administrative remedies. The court has allowed the plaintiff two opportunities to show cause why this case should not be dismissed for her failure to exhaust administrative remedies and she has failed to provide any documentation that she has actually entered the Administrative Remedy Program or that she has completed the program.[3] The United States Supreme Court has clearly stated "[a]ll 'available' administrative remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Porter v. Nussle, 122 S.Ct. 983, 988 (2002)(citing Booth v. Churner, 532 U.S. 731, 739-741 (2001)). Since the plaintiff has not fully exhausted her administrative remedies prior to bringing this suit as required by the PLRA, this action will be dismissed.

## Conclusion

In light of the plain mandatory language of the statute as well as the controlling case law,

---

[3] As stated above, the plaintiff's complaint, at best, claims that she filed a written request with the program and failed to receive a response. Plaintiff has failed to elaborate on this claim or provide any documentation. In addition, the program allows an inmate to proceed to the next level when the inmate fails to receive a response in the time frames provided for in the program. See Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter VII, pg.41-42; see also Gates v. Cook, et al., 376 F.3d 323, 332 (5th Cir.2004).

it is clear that this complaint must be dismissed.  Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

    A final judgment in accordance with this opinion and order will be entered.

    This the   17th    day of April, 2006.


                                    /s/ Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE